IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


VINCENT McGRIEF,
            Plaintiff,

vs.                                          3:07cv85/RV/MD

JAMES R. McDONOUGH, et al.
            Defendants.

---

### O R D E R

This cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983.  From a review of this complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named defendants.  The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff was incarcerated at Santa Rosa Correctional Institution ("SRCI") at the time the events giving rise to this complaint took place, although he is currently housed at Florida State Prison.  Named as defendants in this action are Florida DOC Secretary James McDonough, Warden Joe S. Petrovsky, Captain F.A. Rhoades, Sgt. R.A. Cowan and C.O. C.L. Hall.  The latter three men are, or the time of the events giving rise to this complaint were, employed at SRCI.   Plaintiff alleges that defendants Cowan and Hall subjected to him to unnecessary use of force, resulting in serious bodily injury, defendant Cowan falsified a DR against him to cover up the use of force. Plaintiff seeks to hold the remaining three defendants liable under a theory of respondeat superior, contending that they failed to protect plaintiff from the use of force and filed to intercede while correctional

officials in their charge assaulted the plaintiff.  Plaintiff seeks compensatory and punitive damages, and "enforcement of section 944.35, Florida Statutes."[1]

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1.  whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), overruled on other grounds *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

Taking the facts in the light most favorable to the plaintiff, plaintiff has stated a claim for excessive use of force against defendants Cowan and Hall.  With respect to his claim that defendant Cowan wrote a false DR, prisoners have no constitutional immunity from being falsely or wrongly accused of conduct that results in deprivation of protected liberty interest. *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986); *see also Strong v. Ford*, 108 F.3d 1386,  1997 WL 120757, (9th Cir. 1997).  A prisoner's allegation of false disciplinary charges fails to state a claim so long as due process was provided. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984); *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974) (holding that in the prison context, due process requirements are satisfied if the inmate is given written notice of the charges at least 24 hours in advance of disciplinary proceedings, the inmate is given the opportunity to call witnesses and present evidence, and a written statement is drafted by the fact-finders as to the evidence relied on and the reasons for the disciplinary action).  There are insufficient facts set forth in the complaint from which the court can determine whether due

---

[1]Section 944.35 deals with authorized uses of force, prohibition of malicious battery and sexual misconduct prohibited and reporting requirements.  This section criminalizes certain conduct, but does not create a civil remedy.

process was provided.  It is clear, however, that plaintiff has not stated a claim against the remaining defendants.

In the event of alleged excessive force by a corrections officer, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance. *Velazquez v. City of Hialeah*, ___ F.3d ___, 2007 WL 1166134 (11th Cir. 2007); *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002) (quoting *Fundiller v. Cooper City*, 777 F.2d 1436, 1441-42 (11th Cir. 1985)); *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 924 (11th Cir. 2000).   Therefore, an officer who is present at such a beating and fails to intervene may be held liable though he administered no blow.  *Velazquez*, 2007 WL 1166134 (citing *Skirtch*, 280 F.3d at 1301). While an officer has an affirmative duty to prevent another from violating an individual's constitutional rights, the officer must have a realistic opportunity to prevent the illegal conduct.  *See Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998); *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994).  If, as in this case, the defendants were not present at the time of the alleged beating, they had no opportunity to prevent the allegedly unlawful conduct.  Furthermore, a merely negligent failure to protect an inmate does not state a claim under § 1983. *Galloway*, 352 F.3d at 1350; *Brown*, 894 F.2d at 1537; *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

To the extent plaintiff attempts to bring his claim against the three supervisory defendants under a theory of *respondeat superior*, plaintiff is advised that *respondeat superior*, without more, does not provide a basis for recovery under section 1983.  *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); see also *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th

Cir. 1995);  *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991).  Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of plaintiff's constitutional rights.  *Marsh, supra; Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995).   The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone, supra,* (quoting *Gonzalez v. Reno*, __ F.3d at __, 2003 WL 1481583, at *5 (quoting *Braddy v. Fla. Dept. of Labor & and Employment*, 133 F.3d 797, 802 (11th Cir. 1998))); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990);  *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir. 1985).  A supervisor ordinarily cannot be held liable under a *respondeat superior* theory for the acts and omissions of individuals acting in contravention to policy.  *Tittle v. Jefferson County Commission,* 10 F.3d 1535, 1540 (11th Cir. 1994). However, the causal connection may be established when a supervisor's " 'custom or policy ... result[s] in deliberate indifference to constitutional rights' " or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (quoting *Gonzalez,* __ F.3d at __, 2003 WL 1481583, at *5 (quoting *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991))); *Hartley v. Parnell*, 193 F.3d 1263 (11th Cir. 1999); see also *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1560-61 (11th Cir. 1993). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Cottone, supra,* (quoting *Gonzalez*, __ F.3d at __, 2003 WL 1481583, at *4 (internal quotation marks and citation omitted)).   None of plaintiff's allegations would support an inference that any of the three supervisory defendants could be held liable under the theory of *respondeat superior*.

In amending, plaintiff should carefully review the foregoing to determine whether or against which defendants he can present allegations sufficient to state a cause of action under the relevant law.   If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form that has been marked "Amended Complaint."  Plaintiff must limit his allegations to claims related to the same basic incident

or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.   It is essential that the facts relating to each defendant be set out clearly and in detail because in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)*; GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1366 (11th Cir. 1998); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th  Cir. 1984).  If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint.  In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations.   Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself.  Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint, except for copies of necessary administrative grievances.  The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.  Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1.  The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C.  §1983, along with the attachments to the most current complaint.  This case number and the words "Amended Complaint" should be written on the form.

2.  The plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3.   Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 11th day of May, 2007.



/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**