**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**VINCENT McGRIFF,**
        **Plaintiff,**
v.                                              **Case No.: 3:07cv85/LAC/MD**

**OFFICER C.L.HALL and
SGT. R.A. COWAN,**
        **Defendants.**

---

**O R D E R**

      Defendants have filed a motion for summary judgment (doc. 21) to which the plaintiff has responded. (Doc. 24). The parties are advised that the court shall take the motion under advisement on January 7, 2008. Because the court does not contemplate scheduling a hearing on the motion, the parties are advised that they may file and serve affidavits and any other evidentiary materials authorized to be filed under the Federal Rules of Civil Procedure *before* the above date. Only those pleadings and evidentiary materials currently in the record or filed prior to the above date will be considered by the court in ruling on the motion for partial summary judgment.

      In opposing a motion for summary judgment plaintiff is the nonmoving party, and as plaintiff he is the party with the burden of proof. Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202, 212 (1986). Rule 56 does not require the party seeking summary judgment to submit evidence *negating* the opposing

party's claim, but instead to demonstrate ("*with or without supporting affidavits*") that the Rule 56(c) standard is satisfied.  *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2554.

Plaintiff's response should include affidavits and any other documents or materials required by Federal Rule of Civil Procedure 56 and Local Rule 56.1(A).  Plaintiff is cautioned that his failure specifically to challenge facts identified in the defendants' statement of undisputed facts, if applicable, constitutes an admission of said facts. *Beard v. Banks*, --- U.S. ---, 126 S.Ct. 2572, 2577, 165 L.Ed.2d 697 (2006); *see also* N.D.FLA.LOC.R. 56.1(A).  He must dispute or contradict the arguments of the defendants with evidence of a substantial nature as distinguished from mere legal conclusions. Although all justifiable inferences will be drawn in plaintiff's favor, *Banks,* 126 S.Ct. at 2578, unreasonable and speculative inferences will not be drawn from the materials.  *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975).  Moreover, plaintiff cannot successfully defeat the defendants' motion with mere formal denials or general allegations that do not disclose the facts with precision and detail, nor can he simply rely upon the pleadings.  He must set forth specific facts showing that there is a genuine issue for trial.

Rule 56(e) permits opposition to summary judgment by any of the evidentiary materials listed in Rule 56(c) *except* the mere pleadings themselves.  *Celotex*, 106 S.Ct. at 2553.  Evidentiary material which is acceptable in opposition to a motion for summary judgment includes sworn affidavits or other sworn documentary or other evidence indicating the existence of a genuine issue of material fact.  FED.R.CIV.P. 56(e).  Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing that the affiant is competent to testify to the matters stated therein.  FED.R.CIV.P. 56(e).  If plaintiff is unable to present, by affidavit or other evidence, facts essential to justify his opposition to defendants' motion, then plaintiff must file a sworn statement as to why he is unable to do so.  Plaintiff is cautioned that only those pleadings and evidentiary materials currently in the record or filed in accordance with this order will be considered by the court in ruling on defendants' motion.

Plaintiff also has moved for appointment of counsel to represent him in pursuing his Eighth Amendment claim against the defendants.  Plaintiff states that now seeks

appointment of counsel because he cannot afford counsel, he claims the issues involved in the case are complex, that he has limited access to the law library and limited education and knowledge of the law.

A district court has broad discretion, under 28 U.S.C. § 1915(d), in deciding whether to appoint counsel for indigent litigants in civil cases. *Killian v. Holt*, 166 F.3d 1156 (11th Cir. 1999). Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Bass v. Perrin*, 170 F.3d 1712, 1720 (11th Cir. 1999). In *Holt v. Ford,* 862 F.2d 850, 853 (11th Cir. 1989) the court stated that in determining whether to appoint counsel, the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel. See also *Bass, supra; Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)*; Jackson v. Dallas Police Dept.*, 811 F.2d 260, 261-62 (5th Cir. 1986); *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2nd Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981) (per curiam); *cf. Caston v. Sears, Roebuck & Co*., 556 F.2d 1305, 1309 (5th Cir. 1977) (merits of case is factor in determining if district court abused discretion in denying appointed counsel in a Title VII case). Another consideration is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

> There is no automatic right to the appointment of counsel in a section 1983 case. *Wright v. Dallas County Sheriff Dept*., 660 F.2d 623, 625-26 (5th Cir.1981). A district court is not required to appoint counsel unless the case presents "exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982). "The existence of such circumstances will turn on the quality of two basic factors--the type and complexity of the case, and the abilities of the individual bringing it." *Id*. at 266 (footnote omitted).

*Jackson v. Dallas Police Dept.,* 811 F.2d 260 (5th Cir. 1986).

Upon reviewing the pleadings in this action, the court finds that there are no exceptional circumstances to merit the appointment on counsel at this time. The difficulties presented to the pro se plaintiff are typical of those faced by other incarcerated litigants, and contrary to his representation, the facts of this case are not complex. Furthermore,

*Case No: 3:07cv31/LAC/MD*

he has already shown an above average ability in presenting his case to the court.  Denial of this motion does not preclude the plaintiff from raising this issue in the future for further consideration.

      Accordingly, it is ORDERED:

      1.  On January 7, 2008, (the "submission date"), the motion for summary judgment will be deemed submitted on the motion, the pleadings, and the evidentiary materials filed in this case.  On or at any time after this submission date, the court shall consider the motion for summary judgment and may resolve the motion and this case without an evidentiary hearing.[1]

      2.  Any further response by plaintiff shall be filed on or before the submission date. The plaintiff should be careful to insure that the response complies with the provisions of Rule 56(e) of the Federal Rules of Civil Procedure as well as Rule 56.1 of this court's Local Rules.  Failure to follow the requirements of Rule 56 in opposing a motion for summary judgment may result in the motion being granted and final judgment being entered in favor of the moving party without there being an evidentiary hearing or trial.

      3.  Any documents or evidence filed after the submission date will not be considered by the court absent exceptional circumstances.

      4.  Plaintiff's motion for appointment of counsel (doc. 23) is denied without prejudice.

      DONE AND ORDERED this 10th day of December, 2007.


      /s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

---

[1] This submission is without oral argument.  If the court determines that oral argument on the motion is required, a date for the argument will be scheduled later.

*Case No: 3:07cv31/LAC/MD*