IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**VINCENT E. MCGRIFF,**
    **Plaintiff,**

vs.                                    Case No: 3:07cv85/RV/MD

**OFFICER C.L. HALL and
SERGEANT R.A. COWAN, et al.,**
    **Defendants.**
_____

**O R D E R**

This cause is before the court upon referral from the District Judge after ruling on defendants' motion for summary judgment. This case is now in the proper posture to proceed to trial. The parties will therefore be required to file pre-trial narratives.

On or before May 1, 2008, the plaintiff shall file the following:

    A.  A narrative written statement of the facts that will be presented on his behalf through oral or documentary evidence at trial.

    B. A list of all exhibits he intends to offer into evidence at the trial of the case.

    C.  A list of the names and addresses of all the witnesses whom the plaintiff intends to call and a succinct summary of the expected testimony of each of those witnesses.

    D.  The plaintiff shall indicate what witnesses, if any, are inmates. While the court may, upon request, issue writs ad testificandum in a case of this nature to procure the presence of inmate witnesses at trial, there is no authority to allocate funds to pay attendance of witnesses if their attendance is procured by subpoena. The court will not issue subpoenas for witnesses who cannot be compensated for their attendance.

E.  The plaintiff shall serve upon counsel for defendant Finch a complete copy of all of the foregoing, and shall include in the original document filed with the clerk of the court a certificate stating the date a true and correct copy was mailed to defendant's counsel.

If the plaintiff fails to file a pretrial narrative statement on or before April 21, 2008, as required by this order, the defendant shall notify the court of plaintiff's failure to comply.

On or before June 2, 2008, defendants shall serve upon the plaintiff and file:

A.  A narrative written statement of the facts that will be presented on their behalf through oral or documentary evidence at trial.

B.  A list of all exhibits they will offer into evidence at trial.

C.  A list of the names and addresses of all the witnesses whom the defendants intend to call, and a summary of the expected testimony of each of those witnesses.

Failure of the parties to fully disclose in the pretrial narrative statement or at the pretrial conference, if any, the substance of the evidence to be offered at trial may result in exclusion of that evidence at the trial.  The only exceptions will be (a) matters which the court determines were not reasonably discoverable at the time of the pretrial conference, (b) privileged matters, and (c) matters to be used solely for impeachment of a witness.

The record reflects that the parties were advised that in accordance with 28 U.S.C. § 636(c), they could voluntarily consent to the referral of the case to the United States Magistrate Judge for a jury or non-jury trial and for ordering entry of a final judgment (doc. 14).  Pursuant to § 636(c)(2), as amended, the parties are again advised of their right to consent to trial before the magistrate judge.  The parties are, of course, entirely free to withhold such consent without any adverse consequences.  Accordingly, the clerk shall again forward to the plaintiff the form for consenting to trial before a magistrate judge.  Plaintiff should sign the form and forward it to counsel for the defendants only if plaintiff wishes to consent.  Counsel for the defendants should in turn sign the form and return it to the court only if the defendants consent.

While the parties have an absolute right to trial by jury, the parties are reminded that this case may also be heard by a judge sitting as trier of fact, and that a judge trial may generally proceed in a less costly and more timely fashion.

If consent to magistrate jurisdiction is given by all parties, the undersigned will conduct either the jury or non-jury trial and will enter final judgment. If consent is <u>not</u> given by all parties, this case will be promptly referred to the district court for the scheduling of a pretrial conference and/or a jury trial.

Accordingly, it is ordered:

1. Plaintiff shall file his pre-trial narrative and related items on or before May 1, 2008.

2. Defendants shall file their pre-trial narrative and related items on or before June 2, 2008. Defendants shall promptly advise the court if plaintiff fails to file and serve his pre-trial narrative on counsel for the defendants.

3. The clerk shall forward to the plaintiff a form for consenting to a trial before a magistrate judge. If plaintiff wishes to consent he should sign the form and forward it to counsel for the defendants who shall sign and return it to the clerk only if defendants consent.

At Pensacola, Florida, this 1st day of April, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**