# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**VINCENT E. McGRIFF,**
  **Plaintiff,**

**vs.**               **Case No: 3:07cv85/MD**

**OFFICER C.L. HALL and**
**SGT. R.A. COWAN,**
  **Defendants.**
_____

## O R D E R

  Plaintiff, an inmate in the Florida Department of Corrections, currently incarcerated at Martin Correctional Institution, seeks relief under 42 U.S.C. § 1983 as a result of an allegedly unconstitutional use of force by the two named defendants, Officer C.L. Hall and Sgt. R.A. Cowan, both correctional officers at Santa Rosa Correctional Institution, where plaintiff was previously incarcerated. Plaintiff contended in his amended complaint that the defendants physically assaulted him shortly after his transfer to Santa Rosa Correctional Institution while they were transporting him between dormatories. (Doc. 11). Plaintiff contends that one or both of the defendants kicked him, picked him up and slammed him into the concrete, kneed him in the back, rubbed dirt into plaintiff's eye and sexually assaulted him as he lay on the ground.

  After the incident, plaintiff received two DR's, which he contended were falsified to cover up the assault. Plaintiff claims that as a result of the defendants' actions, he suffered bodily injury resulting in pain and suffering, physical abuse, disfigurement, mental anguish, psychological injury and damage, humiliation and degradation. He seeks compensatory and punitive damages against both defendants, as well as injunctive relief.

  The court denied the defendants' motion for summary judgment (doc. 28 & 29), and the case was referred to the undersigned for further pre-trial proceedings. Plaintiff filed his

pre-trial narrative, and the defendant's pre-trial narrative is pending. Plaintiff has now filed a renewed motion for appointment of counsel in which he asserts that he has only an eighth grade education and that he needs assistance conducting necessary discovery and presenting his case.[1] The court will not appoint an attorney (that is, require an attorney to accept the case). The court will, however, notify members of the court's bar that plaintiff is desirous of legal representation. This will be done through the court's electronic fling system.

Accordingly, it is ORDERED:

1. The plaintiff's motion for appointment of counsel (doc. 34) is granted only to the extent this order attempting to secure counsel has issued.

2. The clerk shall send a notice to all members of the court's bar providing in substance:

This is a notice of an opportunity to provide pro bono representation in a case that has survived summary judgment and will be set for jury trial in Pensacola, Florida. The case is *McGriff v. Hall*, Case No. 3:07cv85/RV/MD.

Plaintiff, an inmate in the Florida Department of Corrections, currently incarcerated at Martin Correctional Institution, seeks relief under 42 U.S.C. § 1983 as a result of an allegedly unconstitutional use of force by the two named defendants, Officer C.L. Hall and Sgt. R.A. Cowan, both correctional officers at Santa Rosa Correctional Institution, where plaintiff was previously incarcerated. Plaintiff contended in his amended complaint that the defendants physically assaulted him shortly after his transfer to Santa Rosa Correctional Institution while they were transporting him between dormatories. (Doc. 11). Plaintiff contends that one or both of the defendants kicked him, picked him up and slammed him into the concrete, kneed him in the back, rubbed dirt into plaintiff's eye and sexually assaulted him as he lay on the ground.

After the incident, plaintiff received two DR's, which he contended were falsified to cover up the assault. Plaintiff claims that as a result of the defendants' actions, he suffered bodily injury resulting in pain and suffering, physical abuse, disfigurement, mental anguish, psychological injury and damage, humiliation and degradation. He seeks compensatory and punitive damages against both defendants, as well as injunctive relief.

Public funds are not available for payment of attorney's fees. Fees may be

---

[1] It appears that plaintiff has been assisted by a prison paralegal up until this point. (See doc. 36).

*Case No: 3:07cv85/RV/MD*

recoverable under applicable law if plaintiff ultimately prevails.  *See* 42 U.S.C. § 1988.  Limited funds sometimes are available from the district's Bench and Bar Fund for payment of out-of-pocket expenses incurred by attorneys providing representation of this type.

Members of the district's bar will be afforded access to the electronic docket without charge for the purpose of considering whether to undertake the representation.  Any attorney who wishes to provide representation may contact plaintiff directly and may enter the case by filing a notice of appearance.  If counsel appears, the court will hold a scheduling conference by telephone and will consider what discovery, if any, is indicated, and will afford counsel the opportunity to file an amended pre-trial narrative.

Any attorney who wishes to appear should file a notice of appearance by June 20, 2008.

DONE AND ORDERED this 19th day of May, 2008.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:07cv85/RV/MD*