IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VINCENT McGRIFF,
    Plaintiff,

vs.                            3:07cv85/RV/MD

C.L. HALL and R.A. COWAN,
    Defendants.

## O R D E R

    This cause is before the court upon defendants' motion for protective order and plaintiff's response thereto. (Doc. 77 & 80). Defendants object to certain interrogatories, requests for inspection and requests for admission tendered by plaintiff, asserting that they are not reasonably calculated to lead to admissible evidence.

<u>Plaintiff's First Requests for Admissions and Third Requests for Inspection to Hall</u>

    Defendant Hall objects to ten requests for admission[1] and three requests for inspection.[2] He maintains that the requests seek information that is irrelevant to whether excessive force was used on plaintiff on March 24, 2005, and is unlikely to lead to admissible evidence for trial. The requested information pertains to Hall's positive drug screens for anabolic steroids well over two years after the alleged excessive use of force. Even if plaintiff seeks to prove that Hall was using steroids at the time of the event at issue, Hall's alleged drug use in 2007 is too remote in time to have any probative value with

---

[1] Plaintiff withdrew one of the requests for admission and one of the requests for inspection in his responsive memorandum. (Doc. 80 at 1)

[2] Plaintiff withdrew one of the requests for admission and one of the requests for inspection in his responsive memorandum. (Doc. 80 at 1)

respect to the incident in question. The court finds this objection to be well taken, and defendant will not be required to respond to the requests for admission and inspection enumerated in defendants' motion.

Plaintiff's Third Interrogatories to Defendant Hall

Defendant objects to five interrogatories, one of which has been withdrawn. (Doc. 80 at 1).

Plaintiff's interrogatory 3 seeks information pertaining to defendant Hall's use of anabolic steroids and his source of supply.  Defendant's objections again are to the scope of the question, which requests information dating beyond the day of the incident in question, and information about a third party (the alleged supplier). Plaintiff has not shown how the identity of the alleged supplier of the anabolic steroids is relevant to the question of whether excessive force was used on him on March 24, 2005.  Defendant Hall indicates that he will answer the interrogatory with regard to the use of anabolic steroids prior to March 24, 2005.  The parameters of defendant's proposed response, subject to defendant's right to invoke his Fifth Amendment right not to incriminate himself, is acceptable, and the request for protective order for information beyond March 24, 2005 is granted.

Plaintiff's interrogatory 4 seeks information regarding defendant Hall's spouse and former spouses, if any, and as to former spouses requests the date of dissolution of marriage, the court which granted the dissolution, the reason for the dissolution and the last known address of the former spouse. Interrogatory 5 asks defendant Hall to identify any persons with whom he has shared a dwelling from July 1, 2003 through the present, describe his relationship with each person, the reason he no longer shares a dwelling with each person and the last known address of each person.

Plaintiff maintains that because of the Defendants' use of racially-based and demeaning, sexually-charged language concurrent with the physical abuse, he seeks information from current or former spouses or roommates who may be able to provide information about strong feelings defendants may have confided in such individuals.

Plaintiff cites Fed.R.Evid. 608, pertaining to evidence of character and conduct of witness, prior inconsistent statements, admissions relating to evidence admissible as other bad acts pursuant to Rule 404(b) and other admissible evidence.

The defendant objects that this information is highly personal and private information, is irrelevant to whether excessive force was used on plaintiff on March 24, 2005, and is not reasonably calculated to lead to admissible evidence for trial. Defendant argues that motive and bias are not at issue in this case, and that although there is an "intent" component to an Eighth Amendment excessive force claim, intent is assessed through an analysis of the actions of the defendants during the incident at issue.

In order to state a violation of the Eighth Amendment, plaintiff must establish that force was applied maliciously and sadistically to cause harm. The Eleventh Circuit has recognized the following five factors as being relevant to this inquiry: (1) "the extent of injury"; (2) "the need for application of force"; (3) "the relationship between that need and the amount of force used"; (4) "any efforts made to temper the severity of a forceful response"; and (5) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell v. Sikes,* 169 F.3d 1353, 1375 (11th Cir. 1999) (citing *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); see also *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). Plaintiff has not shown how information provided by current or former spouses or roommates would be relevant to this analysis.

Plaintiff's interrogatory 6 again seeks information regarding proceedings that occurred after the date of the incident in question and need not be answered.

Plaintiff's Third Interrogatories to Defendant Cowan

Plaintiff's interrogatories 4 and 5 to defendant Cowan are substantially identical to those directed to defendant Hall. For the same reasons cited above, defendant Cowan's motion for protective order with respect to these interrogatories is granted.

Motion to Compel Discovery Responses

Also pending is plaintiff's motion to compel discovery response and compel more complete discovery responses. (Doc. 61). Defendants Hall and Cowan responded and filed the parties Joint notice to table plaintiff's motion to compel. (Doc. 71). In this motion, they indicated that counsel would jointly report back to the court by December 19 as to whether current discovery issues are resolved and whether plaintiff would withdraw the motion to compel at that time. (Doc. 71 at 5). Nothing was filed until January 7, 2009 when defendants filed a notice to the court regarding status of discovery dispute. (Doc. 76). This notice indicates that some discovery disputes had been "substantially narrowed," although there remained disputes to later discovery requests. Defendants indicated that by the end of the week plaintiff's counsel would be in a position to decide whether to withdraw or amend his motion to compel. Nothing further was filed by plaintiff, and it is not clear which, if any, issues remain from the initial motion, and which matters may have been incorporated into defendants' request for protective order. Therefore, the plaintiff's motion to compel will be denied without prejudice. If any issues remain, plaintiff shall file a renewed motion to compel within five (5) **calendar** days from the date of this order.

Accordingly, it is ORDERED:

Defendants' motion for protective order (doc. 77) is GRANTED as set forth herein.

Plaintiff's motion to compel discovery responses and more complete discovery responses (doc. 61) is DENIED without prejudice.

Each side shall bear its own costs.

The discovery period is extended for twenty (20) additional days from the date of this order so that the parties can complete the deposition of defendant Hall.

DONE AND ORDERED this 29th day of January, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:07cv85/RV/MD*